UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| JOEY L. SOWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 2:13-cv-182 |
| | ) | *Judge Jordan* |
| MEDICAL DEPT., DR. PAUL, and | ) | |
| PENNY TESTER, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM**

This *pro se* prisoner's civil rights action filed under 42 U.S.C. § 1983 was the subject of a prior order. In that order of July 12, 2013, the Court advised plaintiff that he had failed to comply with the dictates of 28 U. S. C. § 1915(b)(1), which required him to submit the entire civil filing fee of three hundred, fifty dollars ($350) or file: (1) a motion to proceed *in forma pauperis*, (2) an affidavit listing his assets, and (3) a certified copy of his prison trust account statement reflecting the activity in the account for the six months preceding the filing of the complaint. Plaintiff was issued the following warning:

> Unless, within thirty days of the date of entry of this order, plaintiff pays the entire filing fee *or* files the completed *in forma pauperis* application and and certified trust account statement, the Court will assume that he is not a pauper, assess the entire filing fee, and dismiss this action for want of prosecution. Should this action be dismissed, it will not be reinstated, even if plaintiff later pays the fee or requests pauper status. [Doc. 2].

More than thirty days have passed since that order was entered. And even though the Court's correspondence containing the order has not been returned by the postal authorities, the Court has heard nothing from plaintiff. Given these facts, the Court will assume that plaintiff does not intend to proceed in this case and will **DISMISS** this action by separate order for his failure to prosecute his claims. *See* Rule 41(b) of the Federal Rules of Civil Procedure.

**ENTER**:

LEON JORDAN
UNITED STATES DISTRICT JUDGE